FILED

June 17, 1998

Cecil W. Crowson
Appellate Court Clerk

# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### MAY SESSION, 1998

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9710-CC-00443 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | DICKSON COUNTY |
| VS. | ) | |
| | ) | HON. ROBERT BURCH |
| DAVID WAYNE BATEMAN, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal - Rape of a Child) |

FOR THE APPELLANT:

CLIFFORD K. MCGOWN
113 North Court Square
Waverly, TN 37185

SHIPP R. WEEMS
District Public Defender
CAREY THOMPSON
Assistant Dist. Public Defender
P. O. Box 160
Charlotte, TN 37036-0160

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

DEBORAH A. TULLIS
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

DAN ALSOBROOKS
District Attorney General

ROBERT WILSON
Assistant District Attorney
P. O. Box 580
Charlotte, TN 37036

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

A Dickson County jury convicted Appellant, David Wayne Bateman, of rape of a child. After a sentencing hearing where the court did not find any mitigating factors and found two enhancing factors, the trial court sentenced Appellant to twenty-five years incarceration in the Tennessee Department of Correction to be served at 100% pursuant to Tennessee Code Annotated § 40-35-501(I)(1) &(2). In addition, the trial court found Appellant guilty of criminal contempt for an obscene outburst at the sentencing hearing, and sentenced him to serve ten days consecutive to his other sentence. In this appeal Appellant maintains the evidence of his guilt is insufficient and that his sentence is excessive.

After a review of the record, we affirm the judgment of the trial court.

## FACTS

At the time of the offense, Appellant was living with his uncle, Allen Brown, along with Mr. Brown's family. On May 4, 1996, the Browns asked Appellant to babysit their two children, ages eight and three.[1] Appellant confessed that on that evening, he penetrated the three year old female's anus with his penis and inserted his fingers into her vagina.

On June 12, 1996, the three year old was examined by Dr. Jeff Gordon. At trial, Dr. Gordon qualified as an expert and testified that he determined the child's

---

[1]It is policy of this Court to protect the identity of the child victims of sexual assault.

hymen was intact and her vaginal area normal. He further testified that he found deep bruising in the child's anus which circled the rectal opening. He opined that this bruising was the result of a circular, firm object penetrating the child's rectum. He testified that such injury was consistent with the wounds one would expect to see in a child who has been sodomized.

## I. Sufficiency

Appellant challenges the sufficiency of the convicting evidence. When an appellant challenges the sufficiency of the evidence, this Court is obliged to review that challenge according to certain well-settled principles. A verdict of guilty by the jury, approved by the trial judge, accredits the testimony of the State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Although an accused is originally cloaked with a presumption of innocence, a jury verdict removes this presumption and replaces it with one of guilt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with Appellant to demonstrate the insufficiency of the convicting evidence. Id. On appeal, "the [S]tate is entitled to the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Id. (*citing* State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978)). Where the sufficiency of the evidence is contested on appeal, the relevant question for the reviewing court is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. Harris, 839 S.W.2d 54, 75; Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). In

conducting our evaluation of the convicting evidence, this Court is precluded from reweighing or reconsidering the evidence. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Mathews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, this Court may not substitute its own inferences "for those drawn by the trier of fact from circumstantial evidence." Id. at 779. Finally, the Tennessee Rules of Appellate Procedure, Rule 13(e) provides, "findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact beyond a reasonable doubt." *See also* State v. Mathews, 805 S.W.2d at 780.

Upon this record, we find ample evidence for the jury to have found Appellant guilty of the crime as charged. This issue has no merit.

## II. Sentencing

Appellant also challenges the length of the sentence imposed by the trial court. When a defendant complains of his or her sentence, we must conduct a *de novo* review with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all the relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The Sentencing Reform Act of 1989 established specific procedures which must be followed in sentencing. These procedures, codified at Tenn. Code Ann. § 40-35-210, mandated the court's consideration of the following:

> (1) The evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in his own behalf about sentencing.

Tenn. Code Ann. § 40-35-210.

The Sentencing Reform Act also provides that the mid-range sentence within the range is the presumptive sentence for this offense. The court must begin with the mid-range sentence and enhance that sentence to appropriately reflect any statutory enhancement factors that the court finds to be present. After enhancing the sentence, the court must reduce the sentence appropriate to the weight of any mitigating factors that the court finds. The weight to be given each factor is left to the discretion of the trial judge. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

The Sentencing Reform Act also provides that the trial court shall place on the record either orally or in writing what enhancement or mitigating factors it found, if any. These findings are crucial for review of the trial court's decision upon appeal.

In the matter sub judice, Appellant contends that the trial court erred in not considering the mitigating factor of Appellant's youth in determining his sentence, and in considering the two enhancement factors of particular vulnerability of the victim due to age, and of Appellant's abuse of a private position of trust. We do not agree. Nothing in the record demonstrates that Appellant's youth caused him to be unaware of the potentially devastating consequences of his actions. Further, it is apparent that the child's tender age served to make her particularly vulnerable to this type of offense in that she could not resist Appellant, nor could she easily articulate what had occurred to her. See, State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997). Further, from the testimony presented at trial, and from Appellant's own statement, it is obvious that Appellant abused the position of trust placed in him as a member of the victim's household in order to accomplish this crime. This issue is without merit.

Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
GARY R. WADE, PRESIDING JUDGE

_____
DAVID G. HAYES, JUDGE